UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| VERSUS | CRIMINAL ACTION |
| CLEON JERMAINE HAWKINS | NO. 07-135-A |

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA
2007 OCT 31 A 10: 13

SIGN_____
BY DEPUTY CLERK

## RULING ON MOTION IN LIMINE

Defendant, Cleon Jermaine Hawkins, was originally charged in a two-count indictment for possession with intent to distribute five grams or more of a substance containing a detectable amount of cocaine base, and cocaine, in violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (doc. 16).[1]

This matter is now before the court on the government's unopposed motion in limine (doc. 25) for a pre-trial determination of the voluntariness of defendant's alleged confession relative to possession of a firearm and drugs recovered during the search of his home.

An evidentiary hearing on the motion was held on August 15, 2007, after which the government filed a post-hearing brief (doc. 40). Defendant has failed to reply. Trial is scheduled for Tuesday, November 27, 2007.

---

[1]On September 19, 2007, a superseding indictment was filed (doc. 35). It is identical to the original indictment in all respects except that it increases the drug amount in Count One from 5 to 50 grams or more of a substance containing a detectable amount of cocaine base. Defendant has pled not guilty to the superseding indictment (doc. 41).

1

The government alleges in memorandum that on June 6, 2007, defendant's home was searched pursuant to a warrant that was obtained based on observations of activities "consistent with drug trafficking activities" at the home.[2] These activities were confirmed through the controlled purchase of crack at the home shortly before application for the warrant.

Upon finding defendant in the bedroom of the home, the government alleges that he attempted to flee through a window but was apprehended after a struggle. A subsequent search of defendant's person revealed drugs in the waistband of his pants and $84 in his pocket. Detectives also found a shotgun resting on the bedroom dresser (a few feet away from where defendant was found), $3,600 and three live shotgun shells in a dresser drawer, hydrocodone pills and marijuana in the kitchen, and a small digital scale.

The government brings the motion pursuant to 18 U.S.C. § 3501(a), which mandates that before a confession is received into evidence, the court must, out of the presence of the jury, determine any issue as to voluntariness. In determining voluntariness, the court must consider all the circumstances surrounding the giving of the confession[3], including:

---

[2]At the hearing, Special Agent Mike Desmond of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that the search warrant was executed at defendant's home, located at 1550 Robinson Street in Baker, Louisiana, by members of the Delta Task Force, a multi-agency force organized to investigate narcotics violations.

[3]"Confession" is defined as "any confession of guilt to any criminal offense or any self-incriminating statement made or given orally or in writing." 18 U.S.C. § 3501(e).

> (1) the time elapsing between arrest and arraignment of the defendant, if it was made after arrest and before arraignment;
>
> (2) whether defendant knew of the nature of the offense with which he was charged or of which he was suspected at the time of making the confession;
>
> (3) whether or not defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him;
>
> (4) whether or not defendant had been advised prior to questioning of his right to the assistance of counsel; and
>
> (5) whether or not defendant was without the assistance of counsel when questioned and when giving the confession.

The presence or absence of any of the above need not be conclusive of the issue of voluntariness. 18 U.S.C. 3501(b).

Special Agent Mike Desmond was the sole witness at the hearing. He testified that defendant was arrested on June 6, 2007 and made statements that same day. Defendant was originally indicted on June 21, 2007 (doc. 16) and arraigned on June 27, 2007 (doc. 22). Defendant has put forth no argument that the 21-day time period between arrest and arraignment weighs in favor of involuntariness.

As for the second factor, Desmond testified as follows:

> I specifically asked him about the narcotics that were found on him. Mr. Hawkins initially stated that he didn't have any drugs on him. I reminded him that officers had found drugs inside his pants. That's when he said he did

3

> have the drugs; that he had obtained them that morning. The fact that there was also a firearm that was found in the room that he was arrested in, and that firearm belonged to him as well.

(doc. 34, p. 8)

Factors three and four force inquiry into the propriety of the administration of *Miranda* rights. Desmond testified that Detective Murphy told him (Desmond) that although defendant would not sign the *Miranda* waiver, Lieutenant Chris Green had read defendant his *Miranda* rights prior to Desmond's involvement in the matter (and, therefore, prior to the confession) and that defendant had not invoked those rights. Desmond testified further that defendant himself acknowledged having been given *Miranda* warnings and that prior to being questioned by Desmond, acknowledged that he understood those rights.

As for the fifth factor, the testimony revealed that defendant was without the assistance of counsel when questioned and when giving the statement, but Desmond's testimony is clear that defendant had specifically waived his right to counsel in advance of the confession.

After examining each of the above factors, the court concludes that defendant's statements were voluntary pursuant to 18 U.S.C. § 3501(a). The conclusion is supported by Desmond's testimony that none of the officers who questioned defendant brandished their weapons, made promises, or used coercive tactics.

## CONCLUSION

Accordingly, the government's unopposed motion in limine (doc. 25) is hereby **GRANTED** and defendant's confession may be received into evidence at trial of this matter.

Baton Rouge, Louisiana, October 31, 2007.

                                          *[signature]*
                                          JOHN V. PARKER
                                          UNITED STATES DISTRICT JUDGE
                                          MIDDLE DISTRICT OF LOUISIANA